| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | GARY M. RESTAINO<br>United States Attorney<br>District of Arizona<br>RAQUEL ARELLANO<br>State Bar No. 011796<br>Assistant U.S. Attorney<br>United States Courthouse<br>405 W. Congress Street, Suite 4800<br>Tucson, Arizona 85701<br>Telephone: 520-620-7300<br>Email: raquel.arellano@usdoj.gov<br>Attorneys for Plaintiff |



FILED ___ LODGED
RECEIVED ___ COPY

MAR 1 5 2023

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>vs.<br><br>Miguel Angel Acatzihua-Temoxtle,<br><br>             Defendant. | CR 22-01420-TUC-JCH (JR)<br><br><br>PLEA AGREEMENT |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

1. The defendant agrees to plead guilty to the Indictment, Counts One and Two, felonies, charging a violation of Title 18, United States Code, Sections 111(a) and 111(b), Assault on a Federal Officer with a Deadly or Dangerous Weapon and Assault on a Federal Officer Resulting in Bodily Injury.

### Elements of the Offenses

2. The elements of the offenses are as follows:

**Assault on a Federal Officer with a Deadly or Dangerous Weapon**

   a. First, the defendant forcibly assaulted a federal officer or employee;

   b. Second, the defendant did so while the federal officer or employee was engaged in, or on account of his or her official duties; and

    c. Third, the defendant used a deadly or dangerous weapon.

<b>Assault on a Federal Officer Resulting in Bodily Injury</b>

    d. First, the defendant forcibly assaulted a federal officer or employee;

    e. Second, the defendant did so while the federal officer or employee was engaged in, or on account of his or her official duties; and

    f. Third, the defendant inflicted bodily injury.

Maximum Penalties

A violation of 18 U.S.C. §§ 111(a) and (b) is a Class C felony. The maximum term of imprisonment is 20 years. A Class C felony is punishable by both imprisonment and a maximum fine of $250,000, and a term of supervised release of up to 3 years.

Pursuant to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall

    (1) order the defendant to make restitution to any victims of the offenses unless, pursuant to Title 18, United States Code, Section 3663 and Section 5E1.1 of the Guidelines, the Court determines that restitution would not be appropriate in this case;

    (2) order defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611 and Section 5E1.2(f) of the Guidelines, defendant establishes the applicability of the exceptions found therein;

Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a special assessment on defendant of $100.00 per felony count ($200 total). The special assessment is due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

Immigration Consequences

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are

removable offenses, including the offense to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that he has discussed this eventuality with his attorney. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

STIPULATIONS, TERMS AND AGREEMENTS

Agreements Regarding Sentencing

7. The parties agree that the following guideline calculations apply to the assault on a federal officer with a dangerous or deadly weapon offense:

| | | |
|---|---|---|
| Base Offense Level | § 2A2.2(a) | 14 |
| Dangerous Weapon Used | § 2A2.2(b)(2)(B) | +4 |
| Bodily Injury | § 2A2.2(b)(3)(A) | +3 |
| §111(b) offense | § 2A2.2(b)(7) | +2 |
| Official Victim | § 3A1.2 | +6 |
| Acceptance of Responsibility | § 3E1.1(a) & (b) | - 3 |
| Government Savings | § 5K2.0 | - 3 |
| Total Adjusted Offense Level: | | 23 |

Pursuant to Fed. R. Crim. P., Rule 11(c)(1)(C), and 18 U.S.C. § 3553(a), the government and the defendant stipulate and agree that the following is an appropriate disposition of this case, **contingent on the victims' approval**:

**0 to 48 months' imprisonment, followed by 3 years of supervised release**

8. <u>No Other Departure or Reduction</u>. The defendant understands and agrees that this plea agreement contains all of the terms, conditions, and stipulations regarding sentencing. If the defendant requests or if the Court authorizes (a) any downward departure or variance; or (b) any other reduction or adjustment of sentence not specifically agreed to in writing by the parties, the government will withdraw from the plea agreement. If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

9. The defendant may withdraw from the plea agreement if he receives a sentence in excess of the stipulated cap listed above.

10. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

11. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

12. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

13. <u>Restitution</u>: For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)(I) and 3771(6), the victims are entitled to mandatory restitution and the PSR should include an assessment regarding restitution. Further, the victims should be characterized as such in the PSR and the PSR should also include a victim impact statement if the victims are willing to make one. Lastly, the victims should be allowed to attend any hearings held pertaining to this matter and address the Court at the sentencing of this matter, if the victims would like to, pursuant to 18 U.S.C. § 3771.

Pursuant to 18 U.S.C. § 3663 and/or 3663A and 2248, the defendant specifically agrees to pay full restitution, regardless of the resulting loss amount, but in no event more than $10,000, to all victims directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. The defendant understands that such restitution

will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

### Assets and Financial Responsibility

The defendant shall (i) make a full accounting of all assets, including real and personal property in which the defendant has any legal or equitable interest; (ii) permit the U.S. Attorney's office to immediately obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligation that is or might be imposed by the court; (iii) make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose as well as the financial condition of all household members (including but not limited to that of a spouse or child); (iv) cooperate fully with the government and the Probation Officer to execute such documentation as may be necessary to secure assets to be applied to restitution owed by the defendant. The defendant agrees to permit the Probation Officer to provide to the U.S. Attorney's office copies of any and all financial information provided by the defendant to the U.S. Probation Office; and (v) not (and shall not aid and abet any other party to) sell, hide, waste, spend, destroy, transfer or otherwise devalue any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).

Pursuant to 18 U.S.C. § 3613, the defendant agrees that all financial obligations imposed by the court, including restitution, shall be due immediately upon judgment, shall be subject to immediate enforcement by the government, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property defendant receives may be offset and applied to federal debts (which offset will not affect any periodic payment schedule). If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program pursuant to

a payment schedule to be determined by the court. The defendant understands that any schedules of payments imposed by the court, including schedules imposed while the defendant is incarcerated or on supervised release, are merely minimum schedules of payments and not the only method, nor a limitation on the methods, available to the government to enforce the judgment.

If the defendant is a member of a Native American tribe that provides "per capita" payments to its members, the defendant agrees that any such "per capita" payment shall be paid over to the Clerk of the Court and applied to the defendant's restitution obligation until restitution to all victims is paid in full.

<u>Perjury and Other False Statement Offenses and Other Offenses</u>

Nothing in this agreement shall be construed to protect defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement.

<u>Reinstitution of Prosecution.</u>

If defendant's guilty plea is rejected, withdrawn, vacated or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions or defenses based upon the statute of limitations, the Speedy Trial Act or constitutional restrictions in bringing the later charges or proceedings. Defendant understands that any statements made at the time of defendant's change of plea or sentencing may be used against defendant in any subsequent hearing, trial or proceeding as permitted by Fed R. Crim. P. 11(f).

<u>Disclosure of Information to U.S. Probation Office.</u>

a. Defendant understands the United States' obligation to provide all information in its file regarding defendant to the United States Probation Department.

b. Defendant will cooperate fully with the United States Probation Department. Such cooperation will include truthful statements in response to any questions posed by

the Probation Department, including, but not limited to (1) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (2) all financial information, e.g., present financial assets or liabilities that relate to the ability of defendant to pay a fine or restitution; (3) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (4) all history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

Forfeiture, Civil, and Administrative Proceedings.

a. Nothing in this agreement shall be construed to protect defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

b. Defendant will identify all assets and identify the source of income used to obtain the assets. Defendant will identify all assets used to facilitate the commission of any crime charged in this indictment. Defendant will testify truthfully in any civil forfeiture proceeding.

c. This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

Waiver of Defenses and Appeal Rights

Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence-including the manner in which the sentence is determined and any sentencing guideline determinations. The sentence is in accordance with this agreement if the sentence imposed does not exceed 108 months imprisonment and is within the stipulated range.

The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under

Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

## Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## Factual Basis and Relevant Conduct

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offense beyond a reasonable doubt:

> On May 31, 2022, at approximately 6:30 p.m. near the area of Newfield, Arizona, on the Tohono O'odham Nation, in the District of Arizona, United States Border Patrol Agents J. W. and I. S., as part of their official duties, were assigned to Border Patrol operations at the San Miguel Forward Operating Base Area of Operations. When the agents arrived at the area at 7:30 p.m. I was among a group of four suspected non-citizens approaching the agents' location. The agents verbally identified themselves as Border Patrol Agents and gave us verbal commands to stop. I absconded the area leaving my backpack behind.
>
> Sometime later that evening, BPA I. S. pursued me and found me attempting to conceal myself under some brush. After a foot chase, the agent apprehended me and found me hiding in-between three or four yucca plants. The agent grabbed my right shoulder and right wrist to try to detain me. When the agent relaxed his grip to retrieve his handcuffs, I took the agent's flashlight out of his left hand. We struggled over the flashlight for a few seconds. I pushed the flashlight into the agent's face under his left eye and mouth. When the agent struck me with his right hand under my left eye several times, I dropped the flashlight. The agent was in a full mount position over me while I was on my back. I then grabbed the agent's lanyard that had his night vision goggles hanging around his neck and tightened it up to force the agent to release me so that I could escape.
>
> A few seconds later, BPA J. W. arrived at this location to assist BPA I. S in detaining me. I was still on my back with BPA I. S. still in the mount position. BPA J. W. grabbed one of my hands. During the struggle, I grabbed BPA J. W.'s genitals causing him to yell out. The two agents ultimately detained me and arrested me.
>
> In a post-*Miranda* statement, I stated that I was in the country illegally and tried to flee from the agent. I said that I tried to get ahold of the agent's

flashlight but was not able to get control of it. I admitted that I hit the agent in the face with my left hand while holding the flashlight with my right hand. I admitted that when the agent struck me, I grabbed the agent's cord that was holding his night vision goggles and tightened it up to force the agent to release me so that I could escape.

I stated that when the agent's partner arrived, I tried to grab the second agent's leg by his genitals but failed to do so. I stated that I continued to try to escape but was not able to and was eventually apprehended.

| March 13, 2023 | s/Annamarie L. Valdivia for |
|---|---|
| Date | MIGUEL ANGEL ACATZIHUA-TEMOXTLE |
| | Defendant |

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

I translated or caused to be translated this agreement from English to Spanish to the defendant on the  23rd  day of  February , 2023.

Date: _____

Annamarie L. Valdivia
Digitally signed by Annamarie L. Valdivia
Date: 2023.03.13 14:24:00 -07'00'

Annamarie Valdivia, Esq.
Attorney for Defendant

- 11 -

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

*Raquel Arellano* Digitally signed by RAQUEL ARELLANO
Date: 2023.03.13 10:59:19 -07'00'

Date: 3/13/2023

RAQUEL ARELLANO
Assistant U.S. Attorney